**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BRECKSVILLE LASER EYE CENTER dba CLEAR CHOICE CUSTOM LASIK CENTER 8252 Darrow Road, Unit J Twinsburg, OH  44087 | ) ) ) ) ) | CASE NO. <br><br> JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| DR. ROBERT C. BEVINGTON 31 Lake Forest Drive Hudson, OH  44236 | ) ) ) ) | |
| and | ) ) | |
| BETH WILHELM-KISSINGER 55 Ingleside Drive Hudson, OH  44236 | ) ) ) ) | |
| Defendants. | ) ) | |

---

**COMPLAINT FOR DAMAGES**
**AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

---

Now comes the Plaintiff, Brecksville Laser Eye Center dba Clear Choice Custom Lasik Center, by and through undersigned counsel, and for its Complaint, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Brecksville Laser Eye Center, LLC dba Clear Choice Custom Lasik Center ("Brecksville LEC") is an Ohio limited liability company.

2.      Jeffrey Kissinger is the Chief Executive Officer of Plaintiff Brecksville LEC.

3.     Defendant Dr. Robert C. Bevington, O.D. is an individual residing at 31 Lake Forest Drive, Hudson, Ohio, in Summit County, Ohio.

4.     Defendant Bevington is a licensed optometrist and the brother of Defendant Beth Kissinger.

5.     Defendant Beth Wilhelm-Kissinger is an individual residing at 55 Ingleside Drive, Hudson, Ohio 44236.  She is the sister of Defendant Dr. Robert C. Bevington.

6.     Defendant Wilhelm-Kissinger is the estranged wife of Jeffrey Kissinger.

7.     The jurisdiction of this Court is proper over Plaintiff's federal and state law claims pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction), 18 U.S.C. §§ 2701-2712 (Federal Stored Communications Act) and 18 U.S.C. §§2511 et seq. (Federal Wiretap Act).

8.     Pursuant to 28 U.S.C. §1391(b) venue is proper in this judicial district where are defendants reside and where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL CLAIMS

9.     Plaintiff hereby incorporates as if fully restated herein the allegations contained in paragraphs 1-8 of this Complaint.

10.     Beginning on or about September 30, 2008 and continuing through early October, 2008, Defendants, without the knowledge or consent of Plaintiff Brecksville LEC, intentionally accessed a laptop computer owned by Plaintiff Brecksville LEC and located in a vehicle owned by Plaintiff Brecksville LEC.  Defendants, without the knowledge or consent of Plaintiff Brecksville LEC, also intentionally accessed and/or copied confidential electronic files and email messages that were contained in and/or received through the subject computer.

{00706223 - 1}                                         2

11.     Further, upon information, knowledge, and belief, Defendants transmitted and/or published some or all of the files and emails to one or more third parties, without the consent or knowledge of Plaintiff, with the intent to injure, destroy, Plaintiff's contracts, relationships, and/or prospective business relationships.

## COUNT ONE
## VIOLATION OF FEDERAL STORED COMMUNICATIONS ACT

12.     Plaintiff hereby incorporates as if fully restated herein the allegations contained in paragraphs 1-11 of this Complaint.

13.     The Federal Stored Communications Act ("SCA"), also known as Title II of the Electronic Privacy Communications Act, is codified in 18 U.S.C. §§ 2701 - 2712.  It is a violation of the SCA if a person intentionally accesses "without authorization a facility through which an electronic communication service is provided. . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system."  18 U.S.C. § 2701.

14.     Pursuant to 18 U.S.C. § 2707, any person who is aggrieved by a violation of the SCA may institute a civil action to recover preliminary and other equitable relief, actual damages, any profits made by the violator as a result of the violation of the SCA, statutory damages of at least One Thousand Dollars ($1,000.00), and reasonable attorney fees and costs. Punitive damages may be awarded for a willful or intentional violation of the SCA.

15.     Defendants violated the SCA by willfully and intentionally accessing Plaintiff's confidential electronic communications, including without limitation electronic files and email messages, without Plaintiff's knowledge or consent.

16.     As a result of Defendants' violation of the SCA, Plaintiff has suffered actual damages in an amount to be determined at trial.

17.     In addition, because Defendants acted intentionally and willfully, Plaintiff is entitled to punitive damages in excess of One Hundred Thousand Dollars and 00/100 ($100,000.00).

**COUNT TWO**
**VIOLATION OF FEDERAL WIRETAP ACT**

18.     Plaintiff hereby incorporates as if fully restated herein the allegations contained in paragraphs 1-17 of this Complaint.

19.     The Federal Wiretap Act ("FWA") is codified in 18 U.S.C. §§ 2511 *et seq*.  A person violates the FWA if he or she "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication."  18 U.S.C. § 2511.

20.     It is also a violation of the FWA if a person "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication."  18 U.S.C. § 2511.

21.     Further, a person who "intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication" also violates the FWA.  18 U.S.C. § 2511.

22.     Pursuant to 18 U.S.C. § 2520,  a person aggrieved by a violation of the FWA may institute a civil action to recover preliminary and other equitable relief, actual damages, any

profits made by the violator as a result of the violation of the FWA, statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.00, and reasonable attorney fees and costs.  Punitive damages may also be awarded.

23.     Defendants violated the FWA by willfully and intentionally intercepting, using and/or disclosing (and/or endeavoring to do the afore-said acts) Plaintiff's electronic communications, including without limitation electronic files and email messages, without Plaintiff's knowledge or consent.

24.     In using and/or disclosing Plaintiff's electronic communications, Defendants knew or had reason to know that the electronic communications had been intercepted without Plaintiff's knowledge or consent.

25.     As a result of Defendants' violation of the FWA, Plaintiff has suffered actual damages in an amount to be determined at trial

26.     In addition, because Defendants acted intentionally and willfully, Plaintiff is entitled to punitive damages in excess of One Hundred Thousand Dollars and 00/100 ($100,000.00).

**COUNT THREE**
**CONVERSION**

27.     Plaintiff hereby incorporates as if fully restated herein the allegations contained in paragraphs 1-26 of this Complaint.

28.     At all times mentioned herein, Plaintiff Brecksville LEC had actual or constructive possession of the computer, electronic files and electronic mail messages and/or had an immediate right to possession of the computer, electronic files and electronic mail messages that Defendants accessed, used and/or disclosed, or endeavored to access use or disclose.

29.     By engaging in the afore-described conduct without Plaintiff's knowledge or consent, Defendants wrongfully interfered with Plaintiff's property rights.

30.     As a result of Defendants' wrongful actions, Plaintiff has suffered damages in an amount to be determined at trial.

31.     Furthermore, the acts of the Defendants were done with malice and/or a conscious disregard for the rights of the Plaintiff and had a great probability of causing substantial harm to the Plaintiff.

32.     The Plaintiff is therefore also entitled to recover punitive damages in excess of One Hundred Thousand Dollars and 00/100 ($100,000.00).

<b><u>COUNT FOUR</u></b><br><b><u>INTENTIONAL INTERFERENCE WITH A BUSINESS RELATION</u></b>

33.     Plaintiff hereby incorporates as if fully restated herein the allegations contained in paragraphs 1-32 of this Complaint.

34.     During all times mentioned herein, the Plaintiff had contracts, business relationships, and/or prospective contractual or business relationships with an entity engaged in the business of Lasik eye care ("Lasik entity").

35.     The Defendants possessed actual and/or constructive knowledge of the existence of the contracts, business relationships, and/or prospective contractual or business relationships between Plaintiff and the Lasik entity.

36.     Since Defendants' unauthorized access, interception, use and/or disclosure of Plaintiff's computer, electronic files, and/or electronic mail messages beginning on September 30, 2008, and continuing through early October, 2008, the Defendants have willfully, deliberately, intentionally, and without justification, committed wrongful acts that injured the contracts, business relationships, and/or prospective contractual or business relationships

between Plaintiff and the Lasik entity and induced the Lasik entity to breach its contracts with Plaintiff and/or to discontinue its relationship and/or prospective relationship with Plaintiff.

37.     These wrongful acts included, but are not limited to, the publishing to the Lasik entity and/or other third parties confidential information wrongfully obtained by Defendants through their access, interception, use, disclosure and/or conversion of Plaintiff's computer, electronic files and/or electronic mail messages so as to injure and/or destroy Plaintiff's contracts, relationships, and/or prospective relationships with the Lasik entity.

38.     As a direct result and consequence of the improper conduct and acts of the Defendants, the Plaintiff has suffered and will continue to suffer damages including the loss of business opportunities and income resulting from the destruction of Plaintiff's contracts, relationships, and/or prospective relationships with the Lasik entity, in an amount to be determined at trial.

39.     Furthermore, the acts of the Defendants were done with malice and/or a conscious disregard for the rights of the Plaintiff and had a great probability of causing substantial harm to the Plaintiff.

40.     The Plaintiff is therefore entitled to recover the costs of punitive damages in excess of One Hundred Thousand Dollars and 00/100 ($100,000.00).

## COUNT FIVE
## CIVIL CONSPIRACY

41.     Plaintiff hereby incorporates as if fully restated herein the allegations contained in paragraphs 1-40 of this Complaint.

42.     In engaging in the afore-said conduct, Defendants maliciously conspired to injure Plaintiff in a way not competent for one alone.

43.     Specifically, Defendants conspired to commit the unlawful act of accessing, intercepting, using, and/or disclosing Plaintiff's electronic communications without its knowledge or consent.  Defendants could not have committed said unlawful acts without conspiring with one another.

44.     As a result of Defendants' conspiracy, Plaintiff has suffered actual damages in an amount to be determined at trial.

45.     Furthermore, the acts of the Defendants were done with malice and/or a conscious disregard for the rights of the Plaintiff and had a great probability of causing substantial harm to the Plaintiff.

46.     The Plaintiff is therefore entitled to recover the costs of punitive damages in excess of One Hundred Thousand Dollars and 00/100 ($100,000.00).

## PRAYER FOR RELIEF

WHEREFORE, on Counts One and Two, Plaintiff prays for judgment against the Defendant, jointly and severally, as follows:

1.     an order of preliminary and permanent injunctive relief, enjoining Defendants from any further accessing, interception, use and/or disclosure of Plaintiff's confidential electronic communications;

2.     an award of compensatory damages in an amount to be determined at trial;

3.     an award of any profits made by Defendants as a result of their wrongful acts;

4.     an award of statutory damages in the maximum amount allowed by law;

5.     punitive damages in excess of One Hundred Thousand Dollars and 00/100 ($100,000.00);

6.      reasonable attorneys fees and court costs; and

7.      any other such relief as this Court deems just.

On Counts Three, Four and Five, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

1.      an award of compensatory damages in an amount to be determined at trial;

2.      punitive damages in excess of One Hundred Thousand Dollars and 00/100 ($100,000.00);

3.      reasonable attorneys fees and court costs; and

4.      any other such relief as this Court deems just.

Respectfully submitted,

/s/ Mark S. Fusco
Mark S. Fusco (0040604)
Susan Keating Anderson (0075456)
WALTER & HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH  44114
(216) 781-1212 (telephone)
(216) 575-0911 (facsimile)

*Attorneys for Plaintiff Brecksville Laser Eye Center dba Clear Choice Custom Lasik Center*