UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRECKSVILLE LASER EYE CENTER, etc.** | } } } | **CASE NO. 5:08 CV 02855** |
| Plaintiff | } } } | **JUDGE** |
| vs. | } } | |
| **DR. ROBERT C. BEVINGTON, et al.,** | } } } | **CONFIDENTIALITY ORDER** |
| Defendants | } | |

\*\*\*\*\*\*\*\*\*\*\*\*

Now come the Plaintiff, Brecksville Laser Eye Center, Defendants Dr. Robert C. Bevington and Beth Wilhelm-Kissinger and Dr. Thomas M. Shaheen, Dr. Charles Davis and the Davis Eye Center (hereinafter also collectively referred to as "Davis Eye Center"), by and through respective counsel, and hereby agree to the following:

WHEREAS, discovery and relief sought in this action by the Plaintiff may require the production of certain confidential, proprietary and/or sensitive information on the part of Davis Eye Center; and

WHEREAS, the Plaintiff, Defendants and Davis Eye Center have agreed to protect the confidentiality of such information;

1. As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission or production, or other disclosure of information which is considered confidential

personal, business or commercial information, or to embody confidential personal, business or commercial information.

2. All materials designated Confidential Information pursuant to this Confidentiality Order will have stamped or printed thereon "CONFIDENTIAL."

3. Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this litigation including appeals, if any.

4. (A) Confidential Information from another party stamped "Confidential – Attorneys' Eyes Only" may be disclosed only to the following:

    (1) Counsel for Plaintiff, counsel for Defendants, counsel for their respective partners, associates and supporting personnel (e.g., clerical, secretarial, and paralegal personnel and/or outside service providers, such as copy services) to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person, directly or indirectly, not authorized to receive it under this Confidentiality Order; and

    (2) Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance.

    (3) Court reporters while in the performance of their official duties; and

    (4) This Court or any other court to which any appeal of this litigation is taken.

(C) As to any person referred to in subparagraphs (A)(2) above to whom Confidential Information may be shown, the attorneys of record shall first inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, to be

used solely for the purpose of preparing for and presenting evidence in this litigation; second, that these restrictions are imposed by a court order; and third, that such attorney of record obtains from each such person a Confidentiality Agreement in the form attached hereto as Exhibit A.

5. All documents and all briefs and other papers containing, referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be filed or submitted under seal and shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL" prior to such filing or submission and shall be accompanied by a written request by the party filing or submitting the documents that the documents be placed under seal. In the event that any Confidential Information is used or disclosed in any hearing, at trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel utilizing such information shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

6. Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within three (3) business days of such testimony noting the specific subject matter as Confidential Information. Within 14 days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter the page and line numbers subject to the confidential designation referred to in the written statement.

7. No person shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

8. Nothing in this Order shall be construed as a waiver by Plaintiff, Defendants or Davis Eye Center of their right to object to any request for discovery on any grounds that may be available. This Confidentiality Order shall not be construed as an agreement by Plaintiff, Defendants or Davis Eye Center to produce any documents or to supply any information, and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto. Plaintiff, Defendants and Davis Eye Center reserve the right to seek further and additional protection from the Court in connection with any documents and other information.

9. Unless expressly provided for herein, nothing contained in this Order shall be construed to constitute a waiver of attorney-client privilege and all applicable privileges with regard to documents and information produced in this case.

10. Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the party making the challenge shall submit the matter to the Court within fourteen (14) days of receipt of the material designated confidential for a prompt resolution. Pending such resolution by the Court, the

information in question shall continue to be treated as Confidential, as the case may be, in accordance with the provisions of this Order.

11. Within sixty (60) days after final termination of this litigation, by judgment, order, compromise, or settlement, counsel for each of the parties shall return to the person or entity producing it all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Confidentiality Order.

12. This Order is entered without prejudice to the right of any parties in this action to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.

13. Nothing in this Order shall be read to require a formal order of Court prior to such use of Confidential Information, so long as its use is consistent with the terms of this Order.

14. It is expressly understood and agreed that nothing in this Order is intended to, nor does it, address the treatment and handling of the Confidential Information at any trial of this matter, which shall be the subject of a subsequent order of this Court.

15. The documents and other information produced by the Davis Eye Center which are marked "Confidential" shall not be disclosed to any persons not named in paragraph four (4) above unless there is an order of this Court permitting such disclosure.

16. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order.

| | |
|---|---|
| | IT IS SO ORDERED.<br><br>_____<br>JUDGE |
| Agreed to:<br><br><br>Agreed to:<br><br>*signature*<br>_____<br>Ronald N. Towne (0019622)<br>Ann L. Wehener (0063216)<br>Leiby, Hanna & Rasnick<br>388 South Main Street, Suite 402<br>Akron, Ohio 44311<br>Tel: (330) 253-2227<br>Fax: (330) 253-1261<br>*Attorneys for The Davis Eye Center, Dr. Thomas Shaheen and Dr. Charles Davis* | *signature*<br>_____<br>Todd M. McKenney (0042412)<br>Email: todd@mckenney-law.com<br>One South Main Street<br>Suite 301<br>Akron, Ohio 44308<br>Tel: (330_253-7100<br>Fax: (330) 253-2500<br>*Attorney for Defendant Beth Wilhelm-Kissinger* |
| *signature*<br>_____<br>Mark S. Fusco (0040604)<br>  Email: mfusco@walterhav.com<br>Susan Keating Anderson (0075456)<br>  Email: sanderson@walterhav.com<br>WALTER & HAVERFIELD LLP<br>1301 E. Ninth Street, Suite 3500<br>Cleveland, Ohio 44114<br>Tel: (216) 781-1212<br>Fax: (216) 575-0911<br>*Attorneys for Plaintiff Brecksville Laser Eye Center* | *signature*<br>_____<br>Frank G. Mazgaj (0037910)<br>  Email: fmazgaj@hcplaw.net<br>R. Brian Borla (0077322)<br>  Email: bborla@hcplaw.net<br>Hanna, Campbell & Powell<br>3737 Embassy Parkway<br>P.O. Box 5521<br>Akron, Ohio 44334<br>Tel: (330) 670-7300<br>Fax: (330) 670-7470<br>*Attorneys for Defendant Dr. Robert C. Bevington* |

jurisdiction of the United States District Court, Northern District of Ohio, Eastern Division, relative to assuring enforcement of the terms and conditions of said Confidentiality Order.

3. I am one of the persons described in Paragraph 4(A)(2) or (B)(3) of the Confidentiality Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Confidentiality Order prior to the disclosure to me of any Confidential Information as said term is defined and described in the Confidentiality Order.

4. I expressly agree that:

    (a) I have read and shall be fully bound by the terms of the Confidentiality Order;

    (b) All such Confidential Information as is disclosed to me pursuant to the Confidentiality Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of, the Confidential Information except in accordance with the Confidentiality Order;

    (c) I shall not make or cause to be made any copy of any such Confidential Information in any form whatsoever;

    (d) I shall not use or refer to any Confidential Information, or copies thereof, other than in connection with the above entitled action and as provided in the Confidentiality Order; and,

    (e) Upon conclusion of my testimony, I shall proffer the return of all copies of all Confidential Information to the counsel for the party who furnished such Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same.

Date: _____    _____
                                                              Signature